### WILLIE WALLACE v. THE STATE.

#### No. 291.   Decided April 18.

**Disturbance of the Peace—Evidence.**—A conviction for disturbance of the peace by using obscene and vulgar language near a private house will be set aside where the evidence fails to show with reasonable certainty that, *if used at all*, the objectionable language was not used in such a manner as was calculated to disturb the inhabitants thereof.

APPEAL from the County Court of Llano.   Tried below before Hon. J. M. MOORE, County Judge.

Appellant, Willie Wallace, a boy 13 years of age, was convicted of "using obscene and vulgar language near a private house, in a manner calculated to disturb the inhabitants thereof," and appeals.

The facts essential to an understanding of the case are fully stated in the opinion.

No briefs have come into the hands of the Reporter.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of the offense of going near a private house and using obscene and vulgar language, in a manner calculated to disturb the inhabitants thereof.    Penal Code, art. 314.   After a careful examination of the facts, we are unwilling to affirm this case.   It seems that appellant, a boy of 13 years of age, was driving his wagon along the road in front of the house of one Rowland on the evening of August 31, 1893.   As he was passing, Rowland came out and stopped him, and began upbraiding him for fussing with his (Rowland's) son, threatening to have him arrested, and also to slap him off the wagon.   This witness states, that as appellant drove away he uttered the remarks complained of, and no one was present but witness' son; that his wife was not present, but was some twenty or thirty feet away, under an arbor, at the table, and it was supper-time.   Mrs. Rowland says the remark was made to her, and not to her husband; that when her husband stopped the boy she went out and talked with the boy and threatened to have him arrested, and her husband left and went into the house; that it was supper-time, and as the boy drove away he made the remark to her.   The boy denies that he made such a remark, or that he saw Mrs. Rowland, or that she spoke to him, or he to her.   The record further shows that the boy has been arrested on four different complaints—one charging an assault on their son, and three for using obscene language; three sworn to on the 7th and the present complaint on the 20th of September.   He has been acquitted on the assault charge.   Two charging obscene language have been dismissed.   The record tends strongly to suggest that these State witnesses are moved by revenge rather than to see justice done.   Prosecuting officers should be slow to permit such proceedings.   If the remark was made—which the good character established by the boy would tend to disprove—yet the evidence fails to show with reasonable certainty that it was made in a manner calculated to disturb the persons living in the house.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.